Law Offices of Travis Gagnier, Inc., P.S.　　Honorable Marc Barreca
33507 Ninth Avenue South, Bldg. F
P.O. Box 3949
Federal Way, WA 98063-3949
253-941-0234; gagnierecf@bestbk.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

**MEYER, Kenneth Charles,**

Debtor.
_____

**MEYER, Kenneth Charles,**

Plaintiff,

v.

**MEYER, LORI,**

Defendant.

Number 23-10075

Adversary Number: 23-
**COMPLAINT TO DETERMINE DISCHARGEABILTY OF DEBT**

Kenneth Charles Meyer the Debtor (hereinafter "Plaintiff") allege as follows:

### A. Jurisdiction

1. That this Court has jurisdiction over this proceeding pursuant to 28 U.S.C. 1334 & 28 U.S.C. 157(b)(2)(G). This matter relates to a case under Title 11 of the United States Code. This proceeding is defined as a "core proceeding" as that is defined in the Code. Plaintiff consents to entry of final orders or judgment by the bankruptcy court in this adversary proceeding.

### B. History

2. That Plaintiff filed his Chapter 13 Bankruptcy Proceeding in the United States bankruptcy court for the Western District of Washington on the 18th day of January 2023 under case number 23-10075.

3. That this Court upon the filing of the Petition duly entered an Order for Relief under the provisions of the Bankruptcy Code.

COMPLAINT - 1

Law Offices of Travis Gagnier, Inc., P.S
33507 Ninth Avenue South, Bldg. F
P.O. Box 3949
Federal Way, WA 98063-3949

4. That Jason Wilson-Aguilar was appointed the chapter 13 Trustee in the Meyer Chapter 13 case and serves in that capacity in this case.

5. That Lori Meyer, (hereinafter "Defendant") who is Plaintiff's ex-wife, maintains an address at 10529 180th St SE, Snohomish, Washington 98296 according to the proof of claim she has filed in Plaintiff's underlying Chapter 13 bankruptcy proceeding.

### C. Nature of Debts

6. That during calendar year 2014 Defendant instituted a Dissolution of Marriage proceeding in the Superior Court of Washington County of Snohomish under cause no. 14-3-000438-1 seeking to dissolve the marriage between Defendant and Plaintiff and to divide assets owned by the parties.

7. That thereafter or about the 8th day of November 2012 a Decree of Dissolution (hereinafter "Decree") in the above-referenced state court Dissolution proceeding was entered of record in the above-entitled Dissolution proceeding. A true and correct copy of said Decree of Dissolution is attached to this Complaint and incorporated by reference.

8. That thereafter on or about the 16th day of December 2022 the Snohomish County Superior Court in case no 14-3-00438-1 entered an Order to Enforce Decree (hereinafter "Order") in which a judgment was entered against Plaintiff and in favor of Defendant in the amount of $61,704.50 plus interest until paid. A true and correct copy of said Order is attached to this Complaint and incorporated by reference.

9. That the Decree specially provided that maintenance was not owed Defendant by Plaintiff.

10. That the Order did not change the fact that maintenance was not owed Defendant by Plaintiff nor it did involve the issue of child support.

///

///

COMPLAINT - 2

11. That all monies owed Defendant by Plaintiff in the Order were in the nature of settlement of property rights and not in the nature of a domestic support obligation as that term is defined in 11 USC 101(14)(C).

12. That on or about the 29th day of March 2023 Defendant filed a Proof of Claim in Plaintiff's underlying Chapter 13 bankruptcy proceeding seeking the sum of $63,849.20 which represents the amount of the Judgment set forth in the Order plus interest at 12% up to the date of the Debtor's Petition. Said proof of claim has been docketed in Plaintiff's underlying Chapter 13 as claim no 21.

13. That upon entry of a Discharge in Plaintiff's underlying Chapter 13 bankruptcy proceeding and pursuant to 11 USC 1328(a) all funds owed Defendant by Plaintiff as evidenced by the Order will be discharged.

### D. Prayer for Relief

WHEREFORE, Plaintiff respectfully requests the entry of a Judgment declaring that upon entry of a 11 USC 1328(a) Discharge to Plaintiff that all monies owed Defendant due to the Order to Enforce Decree filed December 16, 2022 will have been discharged plus Plaintiff's costs and disbursements herein and such other and further relief as the Court deems just and proper.

Dated this 3rd day of April 2023
Law Offices of Travis Gagnier, Inc., P.S.
Attorneys for Plaintiff

/s/ Travis A. Gagnier
Travis A. Gagnier, WSBA #26379
Gregory Jalbert, WSBA #9480
Of Counsel

COMPLAINT - 3

Law Offices of Travis Gagnier, Inc., P.S
33507 Ninth Avenue South, Bldg. F
P.O. Box 3949
Federal Way, WA 98063-3949